Lisa HERNANDEZ, Appellee,

v.

O'NEAL MOTORS INC., and General Motors Acceptance Corporation, Appellants.

Nos. 79–2322, 79–2302, 79–2315, 80–1019 and 80–1020.

United States Court of Appeals, Tenth Circuit.

Argued May 6, 1980.

Decided June 24, 1980.

Rehearing Denied July 21, 1980.

Nathan H. Mann, Albuquerque, N. M., and Lawrence W. Treece, Denver, Colo. (with them on the briefs were Sutin, Thayer & Browne, Jerrald J. Roehl and Associates, Albuquerque, N. M., Holme, Roberts & Owen and Jeffrey A. Chase, Denver, Colo.) for appellants in Nos. 79–2302, 79–2315 and 79–2322 and for appellee in Nos. 80–1019 and 80–1020.

Paula Forney of Indian Pueblo Legal Services, Inc., Zuni, N. M., for appellees in Nos. 79–2302, 79–2315 and 79–2322 and appellants in Nos. 80–1019, and 80–1020.

Geraldine Azzata, Boston, Mass., and Charles DuMars, Albuquerque, N. M., filed an amicus curiae brief for National Clients' Counsel, Inc.

Toby Sherwood and Mario Lewis, Washington, D. C., filed an amicus curiae brief for Legal Services Corp.

Before SETH, Chief Judge, and BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

These five appeals and cross-appeals from judgments of the United States District Court for the District of New Mexico raise questions pertaining to the Truth in Lending Act, TILA, 15 U.S.C. § 1601, et seq., as implemented by Federal Reserve Board Regulation Z, 12 C.F.R. § 226. The outcome is largely governed by our decision in No. 78–1806, *James v. Ford Motor Credit Company*, opinion filed today. Certain factual and procedural differences require separate treatment of these cases.

Buyers of motor vehicles filed ten separate actions to recover the civil liability imposed by 15 U.S.C. § 1640(a) and attorneys' fees. In each case the claim is that the seller failed to disclose in an automobile installment purchase contract its right to a returned and unearned premium on a policy covering physical damage insurance. The district court consolidated the cases for hearing and disposition. In a memorandum opinion, the court, primarily on the basis of *Edmondson v. Allen-Russell Ford, Inc.*, 5 Cir., 577 F.2d 291, cert. denied 441 U.S. 951, 99 S.Ct. 2180, 60 L.Ed.2d 1050, held that the sellers had violated TILA and Reg. Z by not disclosing their security interests in the returned and unearned premiums. In nine of the cases the court gave the buyers-plaintiffs judgments for the civil liability in the full statutory amount of $1,000 plus attorneys' fees in varying amounts.

The judgments in eight of the cases are before us on appeals by the sellers in our Nos. 79–2302, 79–2315 and 79–2322 which cover district court cases Nos. 78–776, 78–796, 79–187, 79–226, 79–460, 79–461, 79–581, and 79–621. In their appeals the sellers attack the decision of the district court that they violated TILA by not disclosing their security interests in the returned and unearned insurance premiums. They also say that the court erred in awarding attorneys' fees in cases where the plaintiffs-buyers were represented by legal aid or comparable professional groups. Our Nos. 80–1019, and 80–1020 are appeals of the buyers attacking the refusal of the court to allow multiple recoveries by multiple obligors.

In seven of the appealed cases, the installment contracts were assigned by the seller to Ford Motor Credit. In one, the contract was assigned to General Motors Acceptance Corporation, GMAC. In the *James* case we set forth the pertinent provisions of TILA and Reg. Z, and also described the Ford contract. Nothing would be gained by repetition here.

Like the Ford contract, the GMAC contract details, on the signed face page, the transaction, the finance charge, and other charges including insurance. Its ¶ 12 reads:

"DESCRIPTION OF SECURITY INTEREST Seller retains a security interest under the Uniform Commercial Code in the property above described and any proceeds to secure payment and performance of buyer's obligation hereunder, including any additional indebtedness incurred as provided herein and under any extensions or renewals hereof."

On the reverse side, ¶ 3 relates to insurance and in subparagraph (c) provides:
"an amount equal to the unearned portion of such insurance upon seller's receipt thereof from the insurer pursuant to authorization hereby given therefor, [shall be applied] as a reduction [of the amount due under the obligation] * *."

The district court held that the GMAC contract was not significantly different from the Ford contract. We agree. GMAC relies on various New Mexico statutes. Under our decision in *James* these state statutes have no pertinence and merit no discussion. For the reasons stated in our *James* opinion, we hold that the sellers did not violate the disclosure requirements of

15 U.S.C. § 1638 and, hence, the buyers are not entitled to the § 1640(a) civil liability. This conclusion makes it unnecessary to consider the questions of multiple recoveries by multiple obligors and the right to attorneys' fees when the buyer is represented by a legal aid or a comparable group of lawyers.

In Nos. 79–2302, 79–2315 and 79–2322, the appeals by the sellers, the judgments in district court Nos. 78–776, 78–796, 79–187, 79–226, 79–460, 79–461, 79–581, and 79–621 are severally reversed and remanded with direction to dismiss the actions. In Nos. 80–1019, and 80–1020, the appeals by the buyers are dismissed because of our disposition of the merits of the underlying causes of action.

WILLIAM E. DOYLE, Circuit Judge, dissenting.

I dissent for the reasons stated in my dissent in No. 78–1806—*James v. Ford Motor Credit Company,* 638 F.2d 147.

ON PETITION FOR REHEARING

The petition for rehearing is denied. See the Per Curiam filed today in No. 78–1806—*James, et al. v. Ford Motor Credit Company, et al.,* 638 F.2d 147.

Judge Doyle would grant the petition for rehearing.

The petition for rehearing having been denied by the panel to whom the case was argued and submitted and no member of the panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, Rule 35, Federal Rules of Appellate Procedure, the suggestion for rehearing en banc is denied.