**Jackson and Delores BROWN, et al., Appellees and Cross-Appellants,**

v.

**FRONTIER FORD, INC., et al., Appellants and Cross-Appellees.**

**Nos. 79-2302, 79-2315, 80-1019 and 80-1020.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 6, 1981.

Decided Dec. 1, 1981.

Paula Forney-Thompson of Indian Pueblo Legal Services, Inc., Zuni, N. M., and Richard J. Rubin, Santa Fe, N. M., for appellees and cross-appellants.

Marianne Woodard of Sutin, Thayer & Browne, P. C., Albuquerque, N. M., for appellants and cross-appellees.

Before SETH, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

These cases are before the court on a remand from the United States Supreme Court. The cases arise under the Truth in Lending Act, TILA, 15 U.S.C. § 1601 et seq., as implemented by Federal Reserve Board Regulation Z, 12 C.F.R. § 226.1 et seq. The plaintiffs were purchasers of motor vehicles under installment payment contracts. The defendants were either sellers or lenders. In each case the plaintiffs sought recovery of the statutory penalty for violations of the Act. Each case was presented to the court of appeals on the sole issue of whether the assignments of unearned damage insurance premiums were

security interests under TILA. We held that they were not. See *James v. Ford Motor Credit Co.*, 638 F.2d 147, 10th Cir. and *Hernandez v. O'Neal Motors, Inc.*, 638 F.2d 153, 10th Cir.

A joint petition for certiorari was filed under the style of *James v. Ford Motor Credit Co.* While the certiorari petition was pending, the Supreme Court decided *Anderson Bros. Ford v. Valencia*, 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783 which held that the assignment of the unearned insurance premium did not create a security interest under TILA. On June 29, 1981, the Supreme Court entered the following order, *James v. Ford Motor Co.*, 453 U.S. 901, 101 S.Ct. 3134, 69 L.Ed.2d 988:

"The petition for a writ of certiorari is granted limited to the second question presented by the petition. The judgment of the United States Court of Appeals for the Tenth Circuit in *Hernandez v. O'Neal Motors, Inc.*, is vacated insofar as it directed the United States District Court for the District of New Mexico to dismiss the actions of petitioners Jackson and Delores Brown, Theresa M. Shields, Nona Jackson, Nellie Pino, David Juanico and Lucy Juanico, Rita Cata, and Marie Johnson and the case is remanded to the United States Court of Appeals for the Tenth Circuit. The petition for a writ of certiorari in all other respects is denied."

The "second question" mentioned above reads:

"May the Court of Appeals order a complaint dismissed with prejudice when there remain alternative bases for liability which were raised in the pleadings but not resolved by the District Court on summary judgment and not considered by the Court of Appeals."

The nine individuals named in the Supreme Court order were purchasers-plaintiffs in separate cases. The defendants were either sellers of Ford products or lenders who financed such sales. The plaintiffs and the district court numbers are shown in the following list:

| Plaintiff | Number |
| --- | --- |
| Jackson and Delores Brown | 78–776 |
| Theresa M. Shields | 78–796 |
| Nona Jackson | 79–187 |
| Nellie Pino | 79–460 |
| David Juanico and Lucy Juanico | 79–461 |
| Rita Cata | 79–581 |
| Marie Johnson | 79–621 |

By order of the district court these seven cases, and others, were consolidated with *Hernandez v. O'Neal Motors, Inc.*, D.C., 480 F.Supp. 491.

The docket sheets in the district court lead case, *Hernandez*, show that on October 23, 1979, the District Court held a "HEARING ON THE MERITS" and "Evidence Presented." The record in 79–226 contains "SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW" which begin with this statement:

"From the evidence heard in open Court and from stipulations made by counsel, the Court makes the following findings of fact and conclusions of law * * *."

The district court then made 40 findings of fact and 15 conclusions of law. The district court held that the assignment of the unearned premium was a security interest which the sellers were required by TILA to disclose, and entered a separate judgment in each case for the statutory penalty plus attorneys' fees.

Separate and amended notices of appeal were filed in each case. In the court of appeals the various notices of appeal were docketed as Nos. 79–2302 and 79–2315. No order of consolidation was sought or entered. Without objection, Nos. 79–2302 and 79–2315 were companioned with *Hernandez v. O'Neal Motors*, No. 79–2322, for argument and disposition. The *Hernandez* case, No. 79–2322, is not involved in the Supreme Court remand. A cross-appeal by the Browns was docketed as No. 80–1019 and a cross-appeal by the Juanicos was docketed as No. 80–1020. The cross-appeals raised the question of whether multiple recoveries could be allowed when the purchase contract was executed by two obligors.

In the court of appeals the cases were briefed and presented only on the security interest question. After the adverse decision of the court of appeals, the plaintiffs-purchasers filed a petition for rehearing raising for the first time the question of alternate grounds of liability. The complaints in each case asserted TILA violations additional to the security interest question. The Brown case also asserted liability under certain New Mexico statutes. The court of appeals noted the late assertion of the alternate claims and summarily denied rehearing.

The Supreme Court order grants certiorari on the "second question" presented by the petition. The statement in the "second question" that the alternative bases for recovery "were not resolved by the district court on summary judgment" is puzzling.

None of the records presented to us in the seven cases now under consideration contain either a motion for summary judgment or a district court order on a summary judgment motion. In six of the cases the district court docket sheets show that a summary judgment motion was filed but disclose no disposition of such motions. In one case, that in which Jackson and Delores Brown were plaintiffs, the docket sheets do not show any motion for summary judgment. No application was made to the court of appeals for supplementation of the record.

Pursuant to the Supreme Court order we vacated our judgments in the cases now under consideration and required the parties to submit statements of their views on further proceedings. These statements have been filed and considered. The plaintiffs-purchasers say that the district court ruled on summary judgment. That assertion has no basis on the records presented to us. They also say that a decision by the district court on the alternate claims would have been an impermissible advisory opinion, and that to deny them a hearing on the alternate claims will deprive them of due process. The defendants-sellers say that the court of appeals should order dismissal of the actions because the cases were decided on the merits after an evidentiary hearing and the plaintiffs requested neither an amendment of the findings nor certification and direction under Rule 54(b), F.R.Civ.P.

We are concerned with the failure of all parties to present the Rule 54(b) problem to either the district court or the court of appeals. The cases have been presented on the theory that only one recovery of the statutory penalty is possible. The district court granted recovery on one TILA violation. The argument is that this is a final, appealable judgment. The trouble is that it does not dispose of the alternate claims. The consequences of such failure were not presented to either the district court or the court of appeals. If Rule 54(b) applies, a point which we do not decide because we deem the records insufficient, the question is whether we have jurisdiction without a final appealable judgment. This is particularly true in the Brown case where alternate claims are in part based on New Mexico statutes rather than on TILA.

The procedural complications in these cases are horrendous. No good purpose would be served by any attempt to pinpoint the blame. The Supreme Court has said that the requirement of finality is to be practically rather than technically construed. *Gillespie v. U. S. Steel Corp.*, 379 U.S. 148, 152–153, 85 S.Ct. 308, 310–11, 13 L.Ed.2d 199, and *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 545, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528. We are convinced that fairness to all parties requires that each case be sent back to the district court for further consideration of all issues except that based on the question of whether the assignments of the unearned premiums were security interests. Both the Supreme Court and the court of appeals have decided that issue against the plaintiffs-purchasers.

The cross-appeals of the Browns and Juanicos remain for consideration. We ordered those appeals dismissed because we disallowed recovery on the security interest

question. If there cannot be one recovery, there cannot be multiple recoveries by multiple obligors. We adhere to that position. We express no opinion on whether multiple recovery may be allowed in a different situation.

The order which we make applies to the following appellees and listed district court cases all of which were before us in our Nos. 79–2302, 79–2315, 80–1019, and 80–1020:

| Plaintiff | Number |
| --- | --- |
| Jackson and Delores Brown | 78–776 |
| Theresa M. Shields | 78–796 |
| Nona Jackson | 79–187 |
| Nellie Pino | 79–460 |
| David Juanico and Lucy Juanico | 79–461 |
| Rita Cata | 79–581 |
| Marie Johnson | 79–621 |

As to the named individuals and listed cases, the judgments of the district court are severally reversed and each case is remanded to the district court for such further proceedings as may be appropriate.